LEOPOLD GREENHILL et al., Individually and as Copartners Doing Business under the Name of GRAND DOOR & TRIM CO., Plaintiffs, *v.* PAUL LA LICATA, Defendant.

Supreme Court, Special Term, Nassau County, March 30, 1954.

*Sokolinsky & Kaplan* for plaintiffs

*Overend & Vogel* for defendant.

STODDART, J. In this action to foreclose a mechanic's lien, the evidence shows that the plaintiffs, pursuant to an oral agreement with the defendant, manufactured certain window sash, trim and door frames for use upon the defendant's property in Flower Hill, town of North Hempstead. These articles were made in accordance with the specifications required by the defendant's plans and they were not suitable for sale to others in the ordinary course of the plaintiffs' business. The defendant refused to accept delivery of the completed items.

The defendant pleads and urges that the Statute of Frauds will not permit a recovery, for the agreement was not in writing and it involved the sale of goods valued at more than $50 (Personal Property Law, § 85), and he contends that the exception made in subdivision 2 of the afore-mentioned section 85 is unavailable to the plaintiffs as the plaintiffs did not actually manufacture the articles themselves but had a third party make them.

The authorities cited by the defendant must be rejected for in *Morse* v. *Canasawacta Knitting Co.* (154 App. Div. 351, affd. 214 N. Y. 695), it was expressly held in a similar case that the Statute of Frauds was not applicable. To quote from the Appellate Division opinion (pp. 353, 354): " I am unable to

see any reason for a distinction when that article is manufactured by an employee in the shop of the seller, or an employee outside his shop. Clearly the seller is bound to pay for the article which is thus manufactured for the vendee. The article which he is thus required to pay for is of little or no value in his hands because made of peculiar moulds for a special purpose. If there be any reason for excluding from the effect of the statute, a contract for manufacturing an article by the seller himself, the same reason would seem to apply to a contract for the manufacturing in a special mould where the seller has procured some third party to do the work for him.''

Accordingly, as I believe the defendant wrongfully refused to accept delivery and he may not hide behind the cloak of the Statute of Frauds, judgment will be granted in favor of the plaintiffs, awarding them a lien, with the right of sale, upon the real property described in the complaint for the sum of $1,422.65, with interest thereon from the 27th day of October, 1953.

Submit judgment on notice.